**No.: 24-4303**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

SHERRY YALI LIU,

*Plaintiff-Appellant*,

v.

KAISER PERMANENTE EMPLOYEES PENSION PLAN FOR
THE PERMANENTE MEDICAL GROUP INC.
KAISER FOUNDATION HEALTH PLAN, INC.

*Defendants-Appellees*

On Appeal from the United States District Court
for the Northern District of California
No.: 3:23-cv-03109-AMO
Honorable Araceli Martinez-Olguin

_____

**APPELLANT'S OPENING BRIEF**

_____

ROBERT J. ROSATI, No. 112006
robert@erisalg.com
6485 North Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

*Attorney for Plaintiff-Appellant,*
SHERRY YALI LIU

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

JURISDICTIONAL STATEMENT ....................................................................5

STATUTORY AND REGULATORY AUTHORITIES ........................................5

ISSUES PRESENTED.......................................................................................5

STATEMENT OF THE CASE.............................................................................7

      A.    The Facts Alleged In The First Amended Complaint...........................7

      B.    The Procedural History Of The District Court Litigation..................12

SUMMARY OF THE ARGUMENT ..................................................................14

STANDARDS OF REVIEW ..............................................................................16

ARGUMENT .....................................................................................................17

I.    THE FAC PLAUSIBLY ALLEGES THAT YA-XIA LIU MADE A VALID BENEFIT ELECTION TO ROLLOVER HER PENSION BENEFIT INTO AN IRA.................................................................................................17

      A.    Kaiser's Final Administrative Decision ..............................................18

      B.    The Legal Standards For Interpreting ERISA Plans ..........................19

      C.    Sherry Yali Liu Was Properly Designated As Her Sister's Beneficiary Of The IRA ......................................................................21

      D.    Ya- Xia Liu Made A Valid Election Of The Single Sum Rollover Option ..................................................................................22

      E.    Alternatively, the Substantial Compliance Doctrine Applies and It Is Undisputed That Ya-Xia Liu Substantially Complied with the Election Requirements of The Pension Plan For The Single Sum Rollover Option ...................27

i

F.     Kaiser Waived All Defenses It Did Not Raise Administratively ........30

G.    Conclusion Concerning The First Claim for Relief ...........................32

II.    THE FAC PLAUSIBLY ALLEGES THAT SHERRY YALI LIU
IS THE DESIGNATED BENEFICIARY OF HER SISTER'S DEATH
BENEFIT BECAUSE THE PENSION PLAN INCORPORATES
BY REFERENCE THE DEFINITIONS IN 26 U.S.C. § 401(a)(9)(E)
AND ITS IMPLEMENTING REGULATIONS ...........................................33

A.    Kaiser's Administrative Rationale Disputing The Incorporation
By Reference Allegation Fails As A Matter Of Law..........................34

B.    The Pension Plan Incorporates By Reference 26 U.S.C. §
401(a)(9)(E), Its Regulations, And Their Definitions ........................35

C.    Conclusion Concerning The Second Claim For Relief......................40

III.   SHERRY YALI LIU STATES A PROPER 29 U.S.C. 1132 § (a)(3)
CLAIM FOR A TAX GROSS UP ADJUSTMENT TO COMPENSATE
HER FOR ADDITIONAL TAX LIABILITY .............................................41

CONCLUSION ....................................................................................................43

STATEMENT OF RELATED CASES .................................................................. 45

CERTIFICATE OF COMPLIANCE.....................................................................46

CERTIFICATE OF SERVICE ..............................................................................47

ADDENDUM ........................................................................................................48

ii

# TABLES OF AUTHORITIES

## Cases

*Ahlstrom v. DHI Mortgage Company, Ltd*., *L.P.*
21 F.4th 631 (9th Cir. 2021) ....................................................................20

*Bankamerica Pension Plan v McMath*, 206 F. 3d 821 (9th Cir. 2000) ...................29

*Barker v. American Mobile Power Corporation*,
64 F.3d 1397 (9th Cir. 1995) .................................................................41

*Becker v. Williams*, 777 F.3d 1035 (9th Cir. 2015) ......................................... 29, 30

*Broam v. Bogan*, 320 F. 3d 1023 (9th Cir. 2003) ....................................................16

*Brown v. Southern California IBW-Trust Funds*,
588 F.3d 1000 (9th Cir. 2009) .................................................................20

*Canseco v. Construction Laborers Pension Trust*,
93 F.3d 600 (9th Cir. 1996) ...................................................................20

*Carmona v. Carmona*, 603 F.3d 1041 (9th Cir. 2010) .............................................1

*Charles Schwab & Company, Inc. v. Debickero*,
593 F.3d 916 (9th Cir. 2010) .................................................................21

*Chuck v. Hewlett Packard Co.* 455 F.3d 1026 (9th Cir. 2006) ..............................29

*Cigna Corporation v. Amara*, 563 U.S. 421, 131 S. Ct. 1866 (2011) ....................42

*Clemens v. Centurylink*, 874 F.3d 1113 (9th Cir. 2017)..........................................42

*Collier v. Lincoln Life Assurance Co. of Boston*,
53 F. 4th 1180 (9th Cir. 2022) ............................................................ 31-32

*Doe v. United States*, 419 F. 3d 1058 (9th Cir. 2005) .............................................16

*Feibusch Integrated Device Technology, Inc.*,
463 F.3d 880 (9th Cir. 2006) .................................................................20

*Gilley v. Monsanto Company, Inc.*, 490 F.3d 848 (11th Cir. 2007) .........................1

*Gilliam v. Nevada Power Co*., 488 F.3d 1189 (9th Cir. 2007)...............................20

*Green v. Holland*, 480 F.3d 1216, 1226, note 7 (11th Cir. 2007) ..........................43

*Hamilton v. Washington State Plumbing & PipeFitting Industry Pension Plan*, 433 F.3d 1091 (9th Cir. 2006) ...........................................30

*Harlick v. Blue Shield of California,* 686 F.3d 699 (9th Cir. 2012) .......................31

*Henry v. Champlain Enterprises, Inc.*, 445 F.3d 610 (2d Cir. 2006) ....................43

*Lamantia v. Voluntary Plan Administrators, Inc.*, 401 F. 3d 1114 (9th Cir. 2005) ....................................................30

*Lazar v. Kroncke*, 862 F.3d 1186, 1197 (9th Cir. 2017).........................................37

*Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969 (9th Cir. 2012) ....................................................16

*Leung v. Skidmore, Owings & Merrill*, 213 F. Supp. 2d 1098 (N.D. Cal. 2002) ....................................................29

*Mathews v. Chevron Corp*, 362 F.3d 1172 (9th Cir. 2004) ....................................41

*Metronic, Inc. v. White*, 526 F.3d 487 (9th Cir. 2008) ......................................37

*Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192 (9th Cir. 2010) ....................................................20

*Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948 (9th Cir 2016) ....................................................41

*O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007) ................41

*Pannebecker v. Liberty Life Assurance Company of Boston*, 542 F.3d 1213 (9th Cir. 2008) ....................................................19

*Richardson v. Pension Plan of Bethlehem Steel*, 112 F.3d 982 (9th Cir. 1997) .................................................... 20

*Ryan S v. United Health Group, Inc.*, 98 F.4th 965 (9th Cir. 2024)........................16

*Schwartz v. Hartford Life and Accident Insurance Company*, 443 F. Supp. 3d 1085 (N.D. Cal. 2020) ....................................................29

*Shaw v. The Regents of the University of California*, 58 Cal. App. 4th 44, Cal. Rptr. 2d 850 (1997) .................................................. 36-37

*Sonoma Apartment Associates v. United States*, 939 F.3d 1293 (Fed. Cir. 2019)....................................................42

*Spink v. Lockheed Corp*. 125 F.3d 1257 (9th Cir. 1997) ........................................16

iv

*Tapley v. Locals 302 and 612 of International Union
of Operating Engineers, etc.,* 728 F.3d 1134 (9th Cir. 2013)...................................20

*Trustees of Directors Guild of America-Producer
Pension Benefits Plan v. Tise,* 234 F.3d 415 (9th Cir. 2000) ...................................30

*Vaught v. Scottsdale Healthcare Corporation Health Plan,*
546 F. 3d 520 (9th Cir. 2008) ...................................35

*Vizcaino v. Microsoft Corporation,* 97 F.3d 1187 (9th Cir. 1996).................. 36, 37

*Warmenhoven v. NetApp, Inc.* 13 F.4th 717 (9th Cir. 2021) ...................................41

*Wolf v. Life Insurance Company of North America,*
46 F.4th 979 (9th Cir. 2022) ...................................32

**Statutes**

26 U.S.C. § 401(a) ................................................................ 19, 38

26 U.S.C. § 401(a)(9)................................................ 8, 19, 35, 37, 39

26 U.S.C. § 401(a)(9)(E)........................................ 3, 6, 9, 13, 24, 33, 34, 35, 37, 40

26 U.S.C. § 401(a)(9)(E)(i)......................................................41

26 U.S.C. § 401(a)(9)(H) ................................................ 9, 13, 33, 34-35

26 U.S.C. § 401(a)(9)(A)(ii) ......................................................38

26 U.S.C. § 402 (c)(11) ......................................................24

26 U.S.C. § 402(f) ......................................................24

29 U.S.C. § 502(a)(3)......................................................... 18, 43

29 U.S.C. § 1002(8) ......................................................... 19, 21

29 U.S.C. § 1002(9) ......................................................19

29 U.S.C. § 1102(b)(4)......................................................19

29 U.S.C. § 1104(a)(1)(D) ......................................................19

29 U.S.C § 1132 ......................................................... 5

29 U.S.C § 1132(a)(3).......................................................... 4

29 U.S.C § 1132(c)(1).......................................................... 5

29 U.S.C § 1133 ........................................................................... 31

**Regulations**

26 C.F.R. § 401(a)(9)(2) - § 401(a)(9)(9) ...................................... 8

26 C.F.R. § 401(a)(9) ...................................................................38

26 C.F.R. § 401 (a)(9)-4 ...............................................................39

26 C.F.R. § 1.401(a)(9) ............................................... 7, 10, 33, 37

26 C.F.R. §1.408 ..........................................................................24

26 C.F.R. § 1.408-2 ................................................................. 21

29 C.F.R. 51.401(a)(9)-1 A.3 .................................................. 35

[Fed.R. Civ. Pro] Rule 12(b)(6) ............................................ 1, 16

## INTRODUCTION

This case requires the Court to "navigate the complex statutory scheme set out in the Employee Retirement Income Security Act of 1974 ("ERISA")." *Carmona v. Carmona*, 603 F.3d 1041, 1047 (9th Cir. 2010).  The Eleventh Circuit introduced its decision in *Gilley v. Monsanto Company, Inc.*, 490 F.3d 848 (11th Cir. 2007), noting that in his judicial career Oliver Wendell Holmes, Jr. "relished challenging cases," expressed "the pleasure of unraveling a difficulty," and commented that "there is always the fun of untying a knot and trying to do it in a good compact form."  The court observed "It is a pity that Holmes did not live to see ERISA cases."  *Id.* at 852.  This Court should enjoy untying the many knots presented by this ERISA case.

This is an appeal from order granting a Rule 12(b)(6) motion.  Plaintiff-Appellant Ya-Xia Liu was a long-time employee of Kaiser and participant in the Kaiser Permanente Employees Pension Plan For The Permanente Medical Group Inc.  with vested pension benefits.  (Defendants plan and Kaiser Foundation Health Plan, Inc. are generally referred to jointly as "Kaiser."  The governing plan document is referred to as "the Pension Plan.")  Shortly before she died, Ya-Xia Liu submitted a form electing to receive the pension benefit at issue as a lump sum rollover into a non-affiliated IRA, naming her sister Plaintiff Sherry Yali Liu as her residual beneficiary of the IRA.  Ya-Xia Liu died before the scheduled date of the rollover.  Kaiser asserted that Sherry Yali Liu did not complete the benefit election process for the rollover and that Ya-Xia Liu is not a proper beneficiary under the Pension Plan of her sister's pension benefit.  Kaiser also refused to pay to Sherry Yali Liu the death benefit payable to a beneficiary when an employee with vested pension benefits, such as her sister, dies before making a benefit payment election, as Kaiser asserts her sister did, asserting Sherry Yali Liu is not in one of the limited

classes of persons eligible to receive such a benefit under the Pension Plan.

Sherry Yali Liu's First Amended Complaint (FAC) presents alternative claims for benefits. First, Sherry Yali Liu alleges that her sister, Ya-Xia Liu, properly elected to receive the value of her pension benefit through the Pension Plan's "single sum" payment option, a one-time only payout of the actuarial value of her pension entitlement by way of a trustee-to-trustee, tax-free rollover into an IRA; or that her sister "substantially complied" with the benefit election requirements for that option; and that she designated Sherry Yali Liu as her residual beneficiary under that election if she died; and pursuant to the Pension Plan, Kaiser was required to complete the rollover notwithstanding her sister's death.

Specifically, Sherry Yali Liu alleges that: (1) the form her sister submitted before she died complied with the Pension Plan's benefit election requirements; (2) other actions Kaiser asserts were not performed were obligations of Kaiser, not of her sister; (3) but if the other actions were required of her sister, then her sister substantially complied with them. Kaiser administratively and the District Court in its order rejected these arguments. Sherry Yali Liu adds a new sub-argument on this issue: Kaiser administratively and in the district court asserted that Ya-Xia Liu did not complete the benefit election process because she did not receive and acknowledge certain notices from Kaiser, which according to Kaiser were required, because Ya-Xia Liu died before she died so. Administratively and in litigation Sherry Yali Liu asserted (and continues to assert) that that is not a requirement of the Pension Plan. She now adds the following point: as a matter of law under the terms of the Pension Plan, if the benefit election process required Kaiser to send and somebody to receive and acknowledge notices from Kaiser when the elected benefit is a rollover into an IRA, as here, the notices need to not be received and acknowledged by the participant (here, Ya-Xia Liu), but are also

2

properly received and acknowledged by the recipient (here, Sherry Yali Liu). Thus, Kaiser in reality is asserting that because it chose to violate the Pension Plan by refusing to provide certain notices to Sherry Yali Liu, it gets to retain $676,980.77 (the amount at issue), instead of rolling over that sum to an IRA of which Sherry Yali Liu is the residual beneficiary.

Sherry Yali Liu's arguments are supported by the text of the Pension Plan and are well-supported by controlling law. The substantial compliance allegations are intertwined with an important procedural issue: that ERISA plan administrators are limited in litigation to the rationales they raised administratively. Kaiser only administratively disputed the application of the substantial compliance standard (that is, asserted the doctrine legally did not apply), not the fact of substantial compliance, and Sherry Yali Liu alleges that since legally the substantial compliance doctrine applies, factually in this litigation it is undisputed that Ya-Xia Liu at a minimum substantially complied with the benefit election requirements, and thus Kaiser is obligated to complete the rollover into the IRA.

Sherry Yali Liu's alternative theory of liability is that if she is not entitled to the single sum option rollover payment, that is, if her sister did not comply or substantially comply with the benefit election requirement for the single sum rollover option, Shery Yali Liu is nonetheless entitled to her sister's death benefit under the Pension Plan - - payment of a monthly pension for 10 years - - because by operation of law the Pension Plan's classes of eligible beneficiaries for the death benefit were expanded because the Pension Plan incorporates by reference the provisions of 26 U.S.C. § 401(a)(9)(E) and of its implementing Regulations and their definitions and thereby expanded the class of eligible beneficiaries for the death benefit to include persons such as Sherry Yali-Liu.

Kaiser administratively and the District Court in its decision rejected Sherry Yali Liu's incorporation by reference argument. But those allegations are

3

supported by the text of the Pension Plan and by this Court's ERISA jurisprudence. Administratively, Kaiser asserted a single, untenable rationale to dispute Sherry Yali Liu's incorporation by reference administrative argument and thus waived all other grounds to challenge it. That is, either the incorporation by reference expansion of the classes of eligible beneficiaries is applicable because Kaiser is limited to its sole untenable rationale to dispute it, or that, in fact, it is the proper construction of the Pension Plan by virtue of the text of the language used.

Thus, Sherry Yali Liu alleges that she is entitled to either a rollover of the actuarial value of her sister's pension in a tax free trustee-to-trustee transaction into an IRA, or to a 10 year monthly death benefit. She does not claim to be entitled to both of those remedies. Her FAC alleges mutually exclusive claims: Sherry Yali Liu is entitled to the single sum option rollover only if her sister adequately completed the benefit election process before she died or if she, Sherry Yali Liu, could properly complete it under the Pension Plan. If her sister did not complete or substantially complete the benefit election process before she died, or if Sherry Yali Liu cannot properly complete it, then Sherry Yali Liu is not entitled to the IRA rollover, but is entitled to the death benefit.

Sherry Yali Liu also seeks supplemental relief not available in her (a)(1) claims under 29 U.S.C. Section 1132(a)(3) of a tax gross up for any adverse tax consequences as a result of Kaiser's failure to pay the benefits when it should have done so. Additionally, if appropriate and necessary, the (a)(3) claim can be amended to allege a surcharge claim for the value of the rollover.

The FAC plausibly alleges these claims and, if necessary, can be amended to add allegations concerning the new legal argument. The District Court should have denied the motion to dismiss and ordered Defendants to answer the FAC. Therefore, this Court should reverse the judgment of dismissal and remand the action to the District Court with instructions to adjudicate Sherry Yali Liu's claims.

## JURISDICTIONAL STATEMENT

Plaintiff - Appellant is Sherry Yali Liu.  Respondents - Appellees are Kaiser Permanente Employees Pension Plan for the Permanente Medical Group Inc., and Kaiser Foundation Health Plan, Inc.  (Jointly "Kaiser".)  The action was initiated in the district court by Sherry Yali Liu's complaint for benefits under ERISA pursuant to 29 U.S.C. § 1132.  See Docket, item No.1 at Excerpts of Records page 250 ("ER- 250"); see also Liu's First Amended Complaint (FAC), ER-041, FAC ¶ 1. The District Court had jurisdiction over the action pursuant to 29 U.S.C. § 1132(e)(1).  ER-041, FAC ¶ 1.

Judgment in favor of Defendants and against Sherry Yali Liu finally disposing of all issues in the action was entered on June 20, 2024.  ER- 4.  That judgment is a final decision pursuant to the provisions of 28 U.S.C Section 1291; therefore, this Court has appellate jurisdiction.

This appeal is timely pursuant to Federal Rules of Civil Procedure Rule 4(a): Sherry Yali Liu filed her notice of appeal on July 12, 2024.  ER- 245-248.

## STATUTORY AND REGULATORY AUTHORITIES
### See Addendum

## ISSUES PRESENTED

1.      Has Sherry Yali Liu plausibly alleged that she is entitled to a tax free trustee to trustee rollover of the lump sum value of her sister Ya-Xia Liu's pension benefit because: (a) she is her sister's designated beneficiary for that benefit; and (b) her sister complied with the Pension Plan's benefit election requirements to

5

select that "single sum" option rollover; <u>or</u> if necessary, can the FAC be amended to allege that any not yet completed steps are properly completed by Sherry Yali Liu under the terms of the Pension Plan, which allegations can be raised in an amended (a)(3) claim, if necessary; or (c) her sister substantially complied with the benefit election requirements to select that "single sum" option rollover, <u>and</u> (d) Kaiser waived any argument that her sister did not factually substantially comply with the selection of that single sum option?

2.      Alternatively, if for any reason Sherry Yali Liu is not entitled to the single sum option rollover of her sister's pension benefit into an IRA, has Sherry Yali Liu plausibly alleged that she is entitled to a death benefit of monthly payments for 10 years because: (a) the Pension Plan incorporates by reference the categories of beneficiaries set forth in 26 U.S.C. § 401(a)(9)(E) and its Regulations; and (b) thus Sherry Yali Liu is an eligible beneficiary of the death benefit under the Pension Plan; and (c) administratively, Kaiser only contested Sherry Yali Liu's incorporation by reference administrative argument by asserting that the incorporation only applied only to defined contribution plans, not to defined benefit plans, and that contention is incorrect as a matter of law; and (d) Kaiser waived all other challenges to this contention; or (e) because the Pension Plan incorporates the categories of eligible beneficiaries set forth in 26 U.S.C. § 401(a)(9)(E) and its implementing Regulations, and thus Sherry Yali Liu is an eligible beneficiary and is entitled to the death benefit under the terms of the Pension Plan?

3.      Has Sherry Yali Liu plausibly alleged that she entitled to a tax gross up equalization payment to compensate her for increased taxes to the extent that the delay in payment of benefits to her causes her to incur additional income taxes?

## STATEMENT OF THE CASE

A.     <u>The Facts Alleged In The First Amended Complaint</u>

1.     Ya-Xia Liu became employed as a scientist by The Permanente Medical Group, Inc. in June 2000, and thereby became a participant in the Pension Permanente Employees Pension Plan for The Permanente Medical Group, Inc. ("Pension Plan").  During that employment she was a member of Service Employees International Union ("SEIU"), Local 250, United Healthcare Workers in the Northern California region.  ER-045, FAC ¶ 10.

2.     Ya-Xia Liu died of cancer on March 29, 2022.  ER-045, FAC ¶ 12;

3.     At the time of her death Ya-Xia Liu was 68 years of age.  ER-045, FAC ¶ 13.

4.     Ya-Xia Liu never married, had no domestic partner, had no children, and had no dependents of any kind.  ER-045, FAC ¶ 14.

5.     Plaintiff Sherry Yali Liu is the sister of Ya-Xia Liu.  ER-045, FAC ¶ 15.  Sherry Yali Liu is less than 10 years younger than Ya-Xia Liu.  ER-046, FAC ¶ 16.

6.     Prior to her death, Ya-Xia Liu: (a)  designated Sherry Yali Liu as her beneficiary for the benefits at issue in this action; (b)  Established an E*Trade securities account, and opted for a 100% direct, trustee-to-trustee, tax-free rollover into the E*Trade securities account of the present value of her pension benefits at issue in this action; (c)  Submitted an election form for the rollover specifying a benefit commencement date of May 1, 2022; (d) Designated Sherry Yali Liu as the alternative beneficiary for the E*Trade account.  ER-046, FAC ¶ 17;

7.     When Ya-Xia Liu requested a 100% direct tax-free trustee-to-trustee rollover into her E*Trade securities IRA account of the present value of her pension benefits at issue in this action, the gross amount of the present value of the

7

pension benefit was stated by Kaiser to be $676,980.77.  ER-046, FAC ¶ 18.

8.    After Ya-Xia Liu's death, Sherry Yali Liu timely submitted her claim for benefits.  ER-046, FAC ¶ 19.

9.    By letter dated October 3, 2022, Kaiser denied Sherry Yali Liu's claim for benefits.  ER-046-047, FAC ¶ 20.

10.    By letter dated December 28, 2022, Sherry Yali Liu, through counsel, submitted a timely internal appeal of the denial for her claim of pension benefits as the beneficiary of Ya-Xia Liu.  Therein, she asserted: (1) the Pension Plan must generally set forth the statutory rules in 26 U.S.C. § 401(a)(9) and provide that distributions be made in accordance with that section and 26 C.F.R. §§ 1.401(a)(9)-2 through 1.401(a)(9)-9.  (2) Therefore, by operation of law, the definition of "Qualified Dependent" in the Pension Plan is ineffective, invalid, and superseded.  (3) So that Sherry Yuli Liu is eligible to receive this benefit.  (4) Independently, since Ya-Xia Liu elected a form of payment that provides for payment after death - - a lump sum payment - - payment should be made after her death to her beneficiary, Sherry Yali Liu, pursuant to the terms of the Pension Plan. (5) Only substantial compliance not strict compliance, with beneficiary designation requirements, is required.  (6) Unpaid benefits do not revert to Kaiser. (7) Kaiser, a plan fiduciary, breached its fiduciary duties.  ER-047, FAC ¶ 21.

11.    By letter dated February 27, 2023, Sherry Yali Liu submitted additional information, pursuant to invitation by Kaiser, in support of her appeal. ER-047, FAC ¶ 23.

12.    By letter dated April 4, 2023, ER-048-049, FAC ¶ 24, Kaiser denied Sherry Yali Liu's appeal, asserting Sherry Yali Liu was not eligible for the benefit she sought.  The letter asserted that:

A.    Ya-Xia Liu's plan benefits are not payable to Sherry Yali Liu because she was not Ya-Xia Liu's surviving spouse or domestic partner and

she did not provide sufficient evidence to prove that she is Ya-Xia Liu's qualified dependent, as that term is defined by the Pension Plan.

      B.     Ya-Xia Liu's plan benefits are not payable to Sherry Yali Liu because Ya-Xia Liu did not make a valid benefit election before her death to select a benefit starting date and to designate Sherry Yali Liu as her beneficiary, referencing Kaiser's "consistent administrative practice."

      C.     The substantial compliance standard for beneficiary designations does not apply. The plan is governed by ERISA and the Internal Revenue Code, which requires the plan to be administered in accordance with the terms of the official plan document.

      D.     Ya-Xia Liu died while actively employed with The Permanente Medical Group, Inc. and before she completed a valid beneficiary election under the plan.

      E.     Sherry Yali Liu cannot be Ya-Xia Liu's is eligible designated beneficiary under Internal Revenue Code Section 401(a)(9) because the plan is not a defined contribution plan subject to the "eligible designated beneficiary" definitions, relying upon Internal Revenue Code Section 401(a)(9)(H) for that proposition. ER-048-049, FAC ¶ 24.

13.    Sherry Yali Liu exhausted all internal remedies required by the terms of the Pension Plan and by the terms of ERISA. ER-049, FAC ¶ 25.

14.    Defendant Kaiser is limited to rationales it asserted administratively in its October 3, 2022, claims denial letter and in its April 4, 2023, appeal denial letter and may not assert new or different rationales in this action to defeat Plaintiff's claim. ER-049, FAC ¶ 26.

15.    The Pension Plan provides in Section E-8(c), that, as applicable here:

      "the Participant shall elect a Time of Payment and Method of Payment by filing the prescribed form, in writing, with

the Administrative Committee at any time during the Election Period and by furnishing his intended Benefit Starting Date and proof of age for the Participant and the Participant's Spouse or other Joint Annuitant (whichever is appliable), in a written form acceptable to the Administrative Committee. A prior election may be revoked at any time during the Election Period but shall become irrevocable thereafter. ER-050, FAC ¶ 32.

16. The FAC summarized Section E-12A(a) of the Pension Plan and described why the "no benefit is payable" provisions therein do not apply. ER-050-051; FAC ¶ 33-37.

17. Ya-Xia Liu made a valid time of payment and "Method of Payment" benefit election before her death pursuant to the Pension Plan and did not revoke that election at any time. ER-051, FAC ¶ 38.

18. Ya Xia Liu properly elected the single sum option: she elected to have her pension benefit rolled into an IRA - - an "eligible retirement plan," under the Pension Plan Article E(h). ER-051, FAC ¶ 39.

19. Ya Xia Liu designated Sherry Yali Liu as her beneficiary of that IRA if she died. ER-051, FAC ¶ 40.

20. Ya Xia Liu died before any payment was made. ER-051, FAC ¶ 41.

21. Section E-12A (b) of the Pension Plan provides:

"(b)  Death After Benefit Starting Date.
If a Participant dies after his Benefit Starting Date, or after he has made a Method of Payment election within the 90-day period before the Benefit Starting Date, with a Method of Payment in effect that does not provide for payments after his death, no further payments are made.
If a Participant dies after his Benefit Starting Date, or after he has made a Method of Payment election within the 90-day period before the Benefit Starting Date, with a Method of Payment in effect that provides for payments after his death, payments are made in accordance with the Method of Payment option in effect." ER-051, FAC ¶ 42.

22. The plain meaning of the Pension Plan is that a participant can elect the single sum option, as Ya-Xai Liu did, by electing a rollover into a different

10

plan, and if the participant dies before the payment rollover has been made, as Ya-Xai Liu did, the single sum is to be paid to the participant's designated beneficiary. Thus, under the plain meaning of the Pension Plan, since Ya-Xia Liu died after she elected a single sum payment, the single sum payment option should be made as she specified to Sherry Yali Liu. Ya-Xia Liu made a valid benefit election before her death pursuant to the explicit terms of the Pension Plan. Section E-8 of the Pension Plan specifies "method of payment" and provides, in relevant part for several forms of payment including: "(v) Single Sum (Option 5) An amount equal to the present value of the Participant's Pension as of the Participant's benefit starting date is provided to him in a single payment. If the participant dies before payment has been made, the single sum is paid to the designated beneficiary. Such a rollover from one plan to another is a proper distribution under 26 C.F.R. § 1.401(a)(9)-7, A-1. ER-052, FAC ¶ 43.

23.     Ya Xia Liu died after she made a Method of Payment election within the 90-day period before the Benefit Starting Date with a Method of Payment in effect that provides for payments after her death; therefore, said payment is required to be made in accordance with that method of payment option. ER-052, FAC ¶ 44.

24.     Therefore, the single sum is to be paid to Sherry Yali Liu, (that is, rolled over into the IRA, of which Sherry Yali Liu is the designated beneficiary of Ya Xia Liu. Pursuant to the Pension Plan and The Summary Plan Description, since Ya-Xia Liu died after Kaiser received her written election to have her benefits begin and since she elected a form of payment that provides for payment after death - - a lump sum payment of the present value of her pension pursuant to a tax-free, trustee-to-trustee transfer into her E*Trade IRA, payment should have been made pursuant to that election even after Ya-Xai Liu's death. Since Ya-Xai Liu designated Sherry Yali Liu as her alternative beneficiary on her E*Trade IRA

account the benefits at issue here would properly go to Sherry Yali Liu. ER-052-053, FAC ¶ 45.

25.     The FAC: summarizes Kaiser's denial letter, ER-053, FAC ¶ 46; asserts Kaiser abused its discretion by improperly interpreting the Pension Plan, ER-053, FAC ¶ 47; and asserts Kaiser's interpretation is not reasonable and not consistent with the Pension Plan's terms. ER-053-054, FAC ¶ 48.

26.     Furthermore, contrary to the October 3, 2022, denial letter, and April 4, 2023, appeal denial letter Ya-Xia Liu's designation of Sherry Yali Liu as her beneficiary substantially complied with the Pension Plan specifications and therefore must be honored. ER-054, FAC ¶ 49.

27.     The FAC alleges how Kaiser interpreted "qualified dependent" as written in the Pension Plan, ER-<u>054</u>-053, FAC ¶ <u>52</u>, but that it was required to construe the Pension Plan <u>with</u> the incorporated language from 26 U.S.C. § 401(a)(9)(E). ER-056-057, FAC, ¶¶ <u>57</u>-58.

     B.     <u>The Procedural History Of The District Court Litigation</u>

Sherry Yali Liu filed her complaint on June 23, 2023. See ER- 250, Docket No.1. Kaiser moved to dismiss. See ER- 251-252, Docket No. 15. The parties thereafter stipulated to withdraw the motion to dismiss and to allow Sherry Yali Liu to file a first amended complaint. ER- 252, Docket No. 23, which stipulation was reduced to an order. ER- 253, Docket No. 24.

Sherry Yali Liu filed her First Amended Complaint (FAC), which also added the Kaiser Foundation Health Plan as a defendant. ER- 41-63. Defendants moved to dismiss, ER- 64-86, supporting that motion with a declaration by Clarissa Kang which included: (1) Sherry Yali Liu's attorney's December 28, 2022, appeal letter to the Kaiser Permanente Administrative Committee, ER- 209-227; (2) the Kaiser Appeals Committee's April 4, 2023, letter regarding its decision on Plaintiff's administrative appeal, ER- 89-116, and (3) the relevant

excerpt of the 2017 Restatement of Kaiser Permanante Employee's Pension Plan (the "Pension Plan").  ER- 117-180.

Sherry Yali Liu filed her opposition to the motion to dismiss, ER- 181-208, as part of a cross motion for summary adjudication.  In support of her cross-motion, Sherry Yali Liu submitted a declaration from her attorney authenticating other documents from the claim file.  See ER-253, Docket No. 35.  Kaiser filed an administrative motion to bifurcate the motion to dismiss and the motion for summary adjudication, ER-251, Docket No. 41, which motion was granted in substantial part by order.  ER-255, Docket No. 48.  Thus, the other documents from the claim file submitted by Sherry Yali Liu were not before the District Court for this motion.  Kaiser then filed its Reply Brief in Support of its Motion to Dismiss.  ER-228-244.

A hearing on the motion to dismiss was held on May 16, 2024.  ER-17-28. On June 20, 2024, the District Court issued its order granting the motion to dismiss without leave to amend, ER-5-16, and entered judgment in favor of Defendants. ER-4.  Sherry Yali Liu filed a timely notice of appeal.  ER-245-248.

In its order the District Court reasoned that Ya-Xia Liu did not complete the benefit election process before her death and did not make a valid benefit election before her death to designate Sherry Yali Liu as her beneficiary and therefore Sherry Yali Liu is not entitled to benefits under a plain reading of the Pension Plan. ER-10.  The District Court also reasoned that that even if the substantial compliance doctrine applied to the circumstances here, Ya-Xia Liu's actions did not amount to substantial compliance.  ER-11, lines 20-22.  The District Court also ruled that Pension Plan does not incorporate 26 U.S.C. § 401(9)(E) and the statute does not apply because it applies only to defined contribution plans and not to defined benefit plans, reasoning that the term "eligible designated beneficiary" is used only in 26 U.S.C. § 401(a)(9)(H), which applies special rules for certain

defined contribution plans. ER-12-13. Finally, the District Court concluded that Sherry Yali Liu's 26 U.S.C. § 502 (a)(3) claim fails for two reasons: she did not establish a violation of ERISA or the terms of the plan and she failed to cite relevant ERISA authorities that demonstrate that a tax gross up is appropriate equitable relief for a 26 U.S.C. § 502(a)(3) claim. ER-14.

## SUMMARY OF THE ARGUMENT

The FAC plausibly alleges its claims for relief; therefore, the District Court erred by granting Defendants motion to dismiss and this Court should reverse that judgment and remand the action with instructions to deny the motion to dismiss and to order Defendants to answer the FAC.

Concerning Plaintiff's First Claim for Relief, Kaiser argued that Sherry Yali Liu is not a proper "designated beneficiary, " her sister did not complete the process to select the "single sum" option, and the "substantial compliance" doctrine does not apply in this context. Those arguments are without merit. First, Sherry Yali Liu is the "designated beneficiary" of her sister for the "single sum" payment option; Kaiser's assertion to the contrary has no basis in the text of the Pension Plan or in the law.

Second, the additional actions which Kaiser asserts a participant must perform to elect a benefit are not in the Pension Plan or are obligations imposed on Kaiser Plan, not on the participant. The plain meaning of the Pension Plan does not require a participant to complete these additional actions and therefore it is an abuse of discretion for Kaiser to require them. Furthermore, to the extent those actions were required to be completed, they did not have to be performed by Ya-Xia Liu, they can and could have been performed by Sherry Yali Liu under the terms of the Pension Plan, which claim potentially can be added as an (a)(3) claim, if necessary. Alternatively, even if those additional actions are, in fact, required to be completed by the Pension Plan, Sherry Yali Liu alleges that Ya-Xia Liu

14

substantially complied with those benefit election requirements. Kaiser administratively rejected Sherry Yali Liu's substantial compliance argument, asserting that the substantial compliance doctrine does not apply, but not disputing that factually Ya-Xia Liu did substantially comply with the benefit election requirements. Contrary to Kaiser's arguments and the District Court's order, the doctrine legally does apply and in this action Kaiser is limited to the rationales raised administratively to deny the claim. Therefore, it is undisputed that Ya-Xia Liu at least substantially complied with the benefit election provision because Kaiser did not assert administratively that factually Ya-Xia Liu did not substantially comply and thus waived the right to dispute that fact in litigation. The District Court misconstrued Sherry Yali Liu's arguments concerning the substantial compliance doctrine: Sherry Yali Liu did not argue that Kaiser failed to dispute the issue of substantial compliance administratively; she argued that Kaiser disputed the application of the doctrine, but not whether the facts showed substantial compliance. Thus, Sherry Yali Liu's allegations that she is entitled to a single sum payment of the value of Ya Xia Liu's pension in a trustee-to-trustee, tax free, rollover from Kaiser Plan to the designated IRA, states a claim.

Alternatively, Sherry Yali Liu alleges in her Second Claim for Relief that she is entitled to her sister's death benefit. Kaiser argued, and the District Court agreed, that this benefit is only payable to certain specified classes of persons (not including Sherry Yali Liu): a spouse, domestic partner, or qualified dependent. But Sherry Yali Liu asserted administratively and alleges in her FAC that the Pension Plan, properly construed, incorporates by reference the provisions of 26 U.S.C. § 401(a) and of its implementing Regulations and their definitions, and that by virtue of those incorporations the classes of potential beneficiaries for the death benefit under the Pension Plan are expanded to include a person such as Sherry Yali Liu. Kaiser rejected that argument administratively, asserting only that the

15

incorporation by reference does not apply to defined benefit plans. That rationale, as a matter of law, fails. Although that rationale was erroneously accepted by the District Court, Sherry Yali Liu alleges that it is undisputed that the incorporation by reference applies and that Sherry Yali Liu is a designated beneficiary of her sister's death benefits. Second, as a matter of law, Sherry Yali Liu alleges that application of the incorporation by reference doctrine demonstrates that Sherry Yali Liu is a properly designated beneficiary of her sister's death benefit.

Finally, since ERISA claims are equitable, a tax gross up adjustment to compensate Sherry Yali Liu for any increased tax liability is proper relief in the nature of a surcharge, contrary to the District Court's ruling.

Therefore, the FAC plausibly alleges the claims alleged and the District Court prejudicially erred by granting the motion to dismiss.

## STANDARDS OF REVIEW

This Court reviews de novo a grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Spink v. Lockheed Corp*. 125 F.3d 1257, 1260 (9th Cir. 1997); *Ryan S v. United Health Group, Inc.*, 98 F.4th 965, 970 (9th Cir. 2024).

This Court reviews de novo a district court's interpretation of ERISA. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012); *Spink*, *supra,* 125 F.3d at 1260: same.

"Rule 12(b)(6) motions are viewed with disfavor. (citation omitted.) Dismissal without leave to amend is proper only in 'extraordinary' cases." *Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003). This Court must accept as true all the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *Doe v. United States*, 419 F. 3d 1058, 1062 (9th Cir. 2005). The motion should be denied if the claim is plausible on it face. *Ryan S*, *supra*, 98 F.4th at 970.

16

## ARGUMENT

## I.    THE FAC PLAUSIBLY ALLEGES THAT YA-XIA LIU MADE A VALID BENEFIT ELECTION TO ROLLOVER HER PENSION BENEFIT INTO AN IRA

Sherry Yali Liu alleges, and asserted administratively, that: (a) her sister completed the required process to elect the "single sum" payment option; (b) the additional actions asserted by Kaiser to be benefit election requirements of the participant are not required by the Pension Plan or are obligations of the plan, not of the participant, and are not actions required to be performed by participants; and (c), alternatively, even if those actions are benefit election requirements of the participant, the substantial compliance doctrine applies and her sister substantially complied with the benefit election requirements; (d) therefore, as her sister's proper designated beneficiary for this benefit, she is entitled to the single sum option rollover of her sister's pension benefit; and (e) the Pension Plan does not require a "designated beneficiary" for the single sum option payment to be a spouse, domestic partner, or qualified dependent of the participant.  FAC, ¶¶ 31-49.

Sherry Yali Liu adds an additional legal argument on this issue.  Under the terms of the Pension Plan even if the additional actions were required to be performed before the distribution, they do not have to be performed by the participant (Ya-Xia Liu, here); they can be performed by the recipient (Sherry Yali Liu, here).  Thus, Kaiser in effect argues that it was required to provide notices to Sherry Yali Liu but refused to do so and therefore gets to keep the $676,980.77, it should rollover into the IRA of which Sherry Yali Liu is the residual beneficiary.  If necessary, this can be alleged as a new (a)(3) claim.

Sherry Yali Liu's allegations implicate three preliminary topics: (1) the interpretation of ERISA plans; (2) the application of substantial compliance

doctrine in this context in ERISA jurisprudence; and (3) ERISA's administrative rationale rule - - that in litigation a plan is limited to the rationales it advanced administratively and a district court cannot rely on new rationales advanced in litigation to deny the claim.

A.    Kaiser's Final Administrative Decision

Since the District Court also considered Kaiser's April 4, 2023, letter and the Pension Plan, those documents must also be addressed.

In its April 4, 2023, letter Kaiser asserts:

1.    Benefits are not payable to Sherry Yali Liu because she is not her sister's spouse, domestic partner, or qualified dependent.  ER-098-100.

2.    Ya-Xia Liu did not make a valid benefit election before she died to designate Sherry Yali Liu as her beneficiary because, in addition to receiving the benefit election form, Kaiser must send a number of notices to the participant and the "consistent administrative practice is to request the participant confirm their benefit election Benefit Starting Date, etc…. [and] to read and acknowledge the information required to be provided [by Kaiser to the participant]." ER-101.

3.    Kaiser asserted "Ya-Xia did not completed those requirements and as a result failed to make a valid election," asserting "The printouts from the incomplete online benefit election from March 26, 2022, provides that the benefit election process was not yet completed because the "submitted documents are under review," and that Kaiser mailed a notice to Ya-Xia Liu on March 31, 2022 that the next steps in her benefit election process were available on-line and that absent a power of attorney Sherry Yali Liu could not act on her sister's behalf.  ER-102.

4.    Ya-Xia Liu died while actively employed and before she completed a valid benefit election.  ER-103.

5.    Sherry Yali Liu cannot be Ya-Xia's "eligible designated beneficiary"

18

because the Pension Plan "is not a defined contribution plan," ER-103, recognizing that "Code Section 401(a)(9), which is incorporated by reference in the [Pension] Plan." ER-104, but asserting "Because the [Pension] Plan is defined benefit (pension) plan and not a defined contribution plan," ER-105, these rules do not apply. ER-105.

B.   The Legal Standards For Interpreting ERISA Plans

The first step in evaluating whether Sherry Yali Liu has (or can) plausibly alleged a claim that her sister made a valid election to rollover her pension benefit into an IRA is to properly construe the relevant terms of the Pension Plan. A court must begin its evaluation of a benefit denial "with the governing plan documents." *Pannebecker v. Liberty Life Assurance Company of Boston*, 542 F.3d 1213, 1218 (9th Cir. 2008). Therefore, Kaiser "was required to benchmark [Sherry Yali Liu's] eligibility for benefits against the plan's definitions and abused its discretion if it construed the provisions of the plan in a way that conflicts with the plain language of the plan. *Id.*

ERISA requires a benefit plan to "specify the basis on which payments are made to and from the plan." 29 U.S.C. § 1102(b)(4) . It requires a fiduciary to administer the plan "in accordance with the documents and instruments governing the plan," 29 U.S.C. § 1104(a)(1)(D) , and to make payments to a "beneficiary designated by a participant, or by the terms of a plan." 29 U.S.C. § 1002(8). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). "Person" is subsequently defined as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9).

When construing a pension plan it is a basic rule that "terms in an ERISA

19

plan should be interpreted in an ordinary and popular sense as would a [person] of average intelligence and experience" and that "each provision is an agreement should be construed consistently with the entire document such that no provision is rendered nugatory." *Richardson v. Pension Plan of Bethlehem Steel*, 112 F.3d 982, 985 (9th Cir. 1997); *Gilliam v. Nevada Power Co*., 488 F.3d 1189, 1194 (9th Cir. 2007): same.  A court "must interpret the contract in a manner that gives full meaning and effect to all of the contract's provisions." *Feibusch Integrated Device Technology, Inc.,* 463 F.3d 880, 886 (9th Cir. 2006).

It is an abuse of discretion for plan trustees to impose a standard of eligibility for pension plan benefits not required by the pension plan itself. Implied additional terms which operate to impose new requirements for coverage are improper because a plan administrator "lacks discretion to rewrite the plan." *Canseco v. Construction Laborers Pension Trust*, 93 F.3d 600, 609 (9th Cir. 1996); see also *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1199 (9th Cir. 2010): affirming decision that insurer abused its discretion on the basis of "an unwritten and unexplained objective evidence requirement" not specified within its policy.  It is not the function of courts to alter or rewrite a contract, and courts must not "add a term to a contract about which the agreement is silent." *Ahlstrom v. DHI Mortgage Company, Ltd*., *L.P*. 21 F.4th 631, 636, n.4 (9th Cir. 2021), internal citations omitted.  Thus, in *Canseco v. Construction Laborers Pension Trust, supra*, 93 F.3d at 608, this Court held that pension plan trustees or administrators may not construe a plan so as to impose an additional requirement for eligibility that clashes with the term of the plan; doing so results in an unwarranted arbitrary construction of the plan.  This rule has been repeatedly followed.  See, e.g., *Brown v. Southern California IBW-Trust Funds*, 588 F.3d 1000, 1003-1004 (9th Cir. 2009); *Tapley v. Locals 302 and 612 of International Union of Operating Engineers, etc.,* 728 F.3d 1134, 1141 (9th Cir. 2013).

C.   Sherry Yali Liu Was Properly Designated As Her Sister's Beneficiary Of The IRA

As a matter of law, Sherry Yali Liu was properly designated as her sister's residual beneficiary of the single sum option benefit.  For her "single sum" option claim, no matter how "designated beneficiary" is interpreted, Sherry Yali Liu is her sister's "designated beneficiary" because: (1) the term is not defined in the Pension Plan; (2) contrary to Kaiser arguments, and unlike the beneficiaries for the death benefit, nowhere in the Pension Plan is there any reference to or requirement that a "designated beneficiary" for the "single sum" option be a spouse, domestic partner, or qualified dependent; (c) the plain meaning of "designated beneficiary" is that Sherry Yali Liu is it; and (d) a point Sherry Yali Liu did not raise below, but which is consistent with the arguments she did present below and which presents a pure question of law,  ERISA applicability would have terminated once her sister's qualified pension funds were rolled over into the independently managed IRA. *Charles Schwab & Company, Inc. v. Debickero*, 593 F.3d 916, 922 (9th Cir. 2010).

Simply stated, there is literally nothing in the Pension Plan that limits or specifies who can be a residual beneficiary of a "single sum" option rollover into an IRA.  Therefore, pursuant to 29 U.S.C. § 1002 (8), Sherry Yali Liu was properly so designated by her sister.

Furthermore, under applicable regulations for IRAs the designation of beneficiaries is left to the individual account holder.  *Debickero*, *supra*.  Those regulations mandate that upon death distribution be made to the beneficiaries which is defined to include the estate of the individual, dependents of the individual, or any person designated by the individual to share in the benefits of the account after the death of the individual.  26 C.F.R. §1.408-2 (b)(a); see *Debickero, supra,* at 922.  Thus, Kaiser has no say in who is the beneficiary of Ya-Xia Liu's IRA after the money is rolled into the IRA, and that is what she elected to do.

21

Sherry Yali Liu is properly the beneficiary of that IRA. Therefore, the issue of "beneficiary" on that point is in reality a non-issue. The only proper question is whether Kaiser was required to rollover the money into the IRA.

D.    Ya- Xia Liu Made A Valid Election Of The Single Sum Rollover Option

The FAC alleges that Ya-Xia Liu made a valid benefit election before her death pursuant to the explicit terms of the Pension Plan and that she completed the required form. ER-046, FAC ¶¶ 17-18. In its October 3, 2022, claim denial letter and its April 4, 2023, appeal denial letter, Kaiser asserted that Ya-Xia Liu did not make a proper benefit election in part because Ya-Xia Liu did not perform additional other actions. ER-046, 048, 053, FAC ¶¶ 28.D, 29.B, 46.

Kaiser asserted, see ER-081-082, and the District Court held, see ER-010-011, that Ya-Xia Liu did not complete all the steps necessary to elect the single sum option. The point of contention is this: Sherry Yali Liu alleges that her sister was only required to submit the form which the FAC alleges she did, to elect the rollover option. See ER-046, 047, 048, 051, 053-054, FAC ¶¶ 17, 21, 23.F, 39, 40, 47, 48. Kaiser asserts that submitting the form was not enough; Ya-Xia Liu was also required, but did not, complete actions required by Kaiser's "consistent administrative practice." ER-046-047, 048; see also ER-101, FAC ¶ 20.D, 24.B. Sherry Yali Liu alleges that those additional actions are not required by in the Pension Plan and, in any event, are acts to be performed by Kaiser not by participants. (And in this appeal adds the argument that, if required, could properly be completed by Sherry Yali Liu.)

Thus, the first question presented is: was the on-line form which the FAC alleges was submitted, ER-046, FAC 17.C, and which Kaiser acknowledges was submitted on March 26, 2023, See ER-091, sufficient under the terms of the Pension Plan? Kaiser asserted administratively that it was not, in part, because Sherry Yali Liu did not have her sister's power of attorney. ER-102. That point is

22

plainly spurious: persons routinely act for others, for example legal assistants routinely submit online documents at the instruction of attorneys and certainly do not need power of attorney to do so. More substantially, Kaiser made two points: Ya-Xia Liu did not receive certain notices from Kaiser and the "consistent administrative practice of Kaiser" is to require the participant to read acknowledge certain notices." ER-101. But these are <u>not</u> steps specified in the Pension Plan, which provides in Section E-8(c):

> "the Participant shall elect a Time of Payment and Method of Payment by filing the prescribed form, in writing, with the Administrative Committee at any time during the Election Period and by furnishing his intended Benefit Starting Date and proof of age for the Participant and the Participant's Spouse or other Joint Annuitant (whichever is applicable), in a written form acceptable to the Administrative Committee. A prior election may be revoked at any time during the Election Period but shall become irrevocable thereafter.

> "Election Period means the 90-day period ending on the Participant's Benefit Starting Date."

ER-050, FAC ¶ 32.

Furthermore, Section E-8(a)(v) of the Pension Plan specifies "Method of Payment" and provides, in relevant part for several forms of payment including: "(v) Single Sum (Option 5) An amount equal to the present value of the Participant's Pension as of the Participant's Benefit Starting Date is provided to him in a single payment. If the Participant dies before payment has been made, the single sum is paid to the designated beneficiary." ER-051, FAC ¶ 37.

Kaiser's "consistent administrative practices" are simply not required by the Pension Plan. As explained in Part I.B., AOB 19-20, demanding compliance with additional requirements for eligibility not in the plan is an abuse of discretion.

But Kaiser has a better argument: it points to Pension Plan Appendix A, Section E-12A(a), which potentially applies to this claim because Section E-8(d),

see ER-101, which is at ER-145-146, and which is referenced in FAC, ¶ 23,G, ER-098.  Section E-8(d) states that not less than 30 days or more than 90 days before the participant's starting date, Kaiser (the "Administrative Committee") shall provide the participant a written explanation of certain matters.  By its express terms this is not a step required to be <u>performed by the participant</u>.

But, says Kaiser, the Pension Plan also has definitions, and the definition of "Benefit Starting Date" states, in part "For purposes of distributions under Article E, in no event may a Benefit Starting Date precede receipt of the notices required by Section E-8(d)."  ER 164-165.  But even that does not help Kaiser.  For a direct rollover of a lump-sum distribution paid directly to an eligible Retirement Plan, defined to include an IRA, see ER-147, the Pension Plan specifies that "the Administrative Committee shall provide the Distributee (specially defined), with a notice setting forth the information regarding direct rollovers and the direct rollover election as required under [Internal Revenue] Code Section 402(f)."  ER-147.  But that code section requires written notice "to the recipient,"  26 U.S.C. § 402(f)(1), and explicitly incorporates and recognizes that a "designated beneficiary, as defined by section 401(a)(9)(E) of the employee," see 26 U.S.C. § 402 (c)(11), may receive the distribution.  In other words, for a rollover, the notice specified in the Pension Plan does not have to be given to the <u>participant</u>, here Ya-Xia Liu, but can properly be given to the recipient, here, Sherry Yali Liu.  So, Kaiser's argument effectively is: because we chose not to give you (Sherry Yali Liu) notices, we don't have to rollover the money and we can keep it.  Obviously, <u>that</u> is not proper.

Furthermore, the plain text of Section E-12A(b) takes precedence over <u>any</u> notice to the participant/recipient provision ER-051-052, FAC ¶¶ 42-43.  Section E-12A(b) is rendered meaningless and given no effect by Kaiser's interpretation.  Section E-12A(b) plainly states

24

> "If a Participant dies … after he has made a Method of
> Payment election within the 90-day period before the
> Benefit Starting Date, with a Method of Payment in
> effect that provided for payments after his death,
> payments are made in accordance with the Method of
> Payment in effect."  ER-158.

Thus, the explicit text of the Plan Document enforces "Method of Payment,"
which is set forth in Pension Plan Section E-8, ER-141-148, specifies that if a
Method of Payment is elected which provides for payment after death, as does the
"single sum" option, and the Participant dies before the Benefit Starting Date, as
did Ya-Xia Liu, payments are made in accordance with the Method of Payment in
effect.

Nothing in Section E-12A requires or supports any conclusion other than
Sherry Yali Liu is entitled to the rollover.  Section E-12A(a) potentially applies to
this claim because Ya-Xia Liu, the participant, was represented by SEIU Local
250 (Healthcare Workers) and she was not a registered dietician.  But Section E-
12A (a) explicitly only is relevant for a participant "who dies prior to his benefits
starting date and before making a Method of Payment election within the 90-day
period before the Benefit Starting Date."  Sherry Yali Liu alleges Ya-Xia Liu died
after making a Method of Payment election.  Of course, Kaiser asserts Ya-Xia Liu
died before she made a valid method or payment election.  If, in fact, Kaiser
ultimately prevails on that question Section E-12A provides the basis for the
second Claim for Relief.

Section E-12A also provides that, "If a Vested Participant dies while
employed by an employer . . . and does not have a surviving Spouse or Domestic
Partner, a Qualified Dependent of a Vested Participant is entitled to the Qualified
/

/

/

25

Dependent benefit, described in Section E-12A(e)," and "If a Participant dies and is not described in Paragraph i, iii, or iii, no benefit is payable under the Plan." Kaiser asserts that provision ends the discussion because Ya-Xia Liu did not have a spouse or qualified dependent when she died. That is the question addressed in the incorporation by reference argument in Argument Part II. Paragraph iii states that, "A Participant who dies at a time when he is entitled to a Normal Pension or Late Pension." Ya-Xia Liu was entitled to a Normal Pension or a Late Pension when she died: she was 68 years old and had been employed by Kaiser for 22 years. See, FAC ¶¶ 10-13, ER-045. Therefore, the provision "no benefit is payable under the Plan" does not apply. That is, by the explicit terms of the Pension Plan no benefit is payable under the plan only if the participant dies both before making a Method of Payment election and before her Benefit Starting Date, and does not fall within one of these three categories specified.

Section E-12A(a)(i)-(iii) explains the consequences of death of the participant who has a surviving spouse or domestic partner and who dies "prior to his benefit starting date and before making a Method of Payment election." ER-157-158. That provision does not apply here because: Ya-Xia Liu had no surviving spouse or domestic partner and made a "Method of Payment" election before she died.

Kaiser's interpretation of the Pension Plan is an abuse of discretion because it is contrary to the Pension Plan's plain language and is not based upon a reasonable interpretation of the plan's terms. The plain language of the Pension Plan establishes that Sherry Yali Liu is entitled to the rollover.

E.     Alternatively, the Substantial Compliance Doctrine Applies and It Is Undisputed That Ya-Xia Liu Substantially Complied with the Election Requirements of The Pension Plan For The Single Sum Rollover Option

Administratively, Sherry Yali Liu asserted the substantial compliance doctrine applied and that if there was "any technical non-compliance," ER-222, that was attributable to Kaiser's misconduct and the her sister substantially complied.  See ER-222-224.  In the FAC Sherry Yali Liu alleges her sister's designation of her as beneficiary substantially complied with the Pension Plan's specifications. ER-054, FAC, ¶ 49.

In this subsection, Sherry Yali Liu demonstrates that if her sister did not complete all required forms, the substantial compliance doctrine applies. Additionally, as discussed in the previous sub-section, if, in fact, the Pension Plan requires notices to be given and acknowledged they could have - - and if required, should have been given to Sherry Yali Liu.  Obviously, Kaiser's failure and refusal to do so cannot be blamed on Sherry Yali Liu.  In the next subsection she demonstrates that Kaiser waived any argument Ya-Xia Liu did not factually substantially comply with the beneficiary designation requirements. Administratively, Kaiser only reasoned that the substantial compliance standard did not apply, not that factually there was not substantial compliance:

> "You also allege that even if Ya-Xia's benefit designation is inadequate, equity should regard Sherry as Ya-Xia's designated beneficiary.  Nonetheless the Plan is governed by ERISA and the Code, which require that the plan be administered in accordance with the terms of the official plan document.  Here, the Plan's terms provide clear and unambiguous rules regarding the benefits election and beneficiary designation process, and the Appeal Subcommittee has a duty to abide by the lawful provisions of the Plan document.  You have not provided sufficient reason as to why the Plan's terms should not be followed here."  ER-102.

27

The District Court acknowledged the substantial compliance doctrine, ER-010, then concluded, contrary to the allegations in FAC, see ER-046, 051, FAC ¶¶ 17, 38, that Sherry Yali Liu did not substantially comply with the benefit designation requirements, and mischaracterized Sherry Yali Liu's administrative declaration and her appeal letter. ER-010-011. Contrary to the District Court's conclusions:

1. In her declaration and in the appeal letter, Sherry Yali Liu states a written benefit form was submitted ER-225, ¶ 7.C and ER-212, and so alleges in the FAC. ER-046, FAC, ¶ 17.C.

2. The appeal letter does not assert Ya-Xia Liu <u>only</u> substantially complied; the appeal letter asserts Ya-Xia Liu made a valid benefit election, ER-212 <u>and</u> that the law only requires substantial compliance and that Ya-Xia Liu's designation substantially complied, ER-214. Her appeal letter discussion that Ya-Xia Liu substantially complied was plainly tied to Kaiser's assertions that other steps had to be completed: "Ya-Xia Liu would have completed all the require forms…", ER-223, not that she did not submit her benefit designation form.

3. Similarly, Sherry Yali Liu's declaration was explicitly responding to an assertion in Kaiser's October 3, 2022, not stating her sister only initiated the benefit election. "You made some statements about me and my husband in the October 3, 2022, letter:

"Yes, a benefit election for my sister was initiated online on her behalf <u>and</u> at her request, and pursuant to her instruction." ER-225.

Whether or not the substantial compliance doctrine applies is a question of law. Whether or not there <u>was</u> substantial compliance is generally a question of fact. But <u>administratively</u> Kaiser's only rationale was that the doctrine did not apply, so it waived all other arguments, including any arguments that Xia-Yia Liu <u>factually</u> did not substantially comply with the benefit election requirements. ER-

28

49, FAC, ¶ 26.  The District Court's conclusions that Ya-Xia Liu did not comply with the benefit election process and did not substantially comply are based on a clear misconstruction of both the FAC and the evidence offered by Kaiser, and are contrary to the FAC and that evidence.

In *Becker v. Williams*, 777 F.3d 1035, 1041 (9th Cir. 2015) this Court explicitly relied upon the substantial compliance doctrine on the question of whether the participant "strictly or substantially complied with the governing plan document" explaining "such and inquiry is one of state law." *Id*.  This Court directed district courts to inquire whether the participant "strictly or substantially complied with the governing plan documents" explaining that such an inquiry is one of state law." *Becker v. Williams*, *supra,* 777, F. 3d at 1041.  Under that test, the inquiry is whether Ya-Xia Liu, "substantially complied" with the governing plan document.  *Id*. at 1041; *Bankamerica Pension Plan v McMath*, 206 F. 3d 821, 829 (9th Cir. 2000): same.

Kaiser argued below that the substantial compliance doctrine does not apply in the context of a benefit commencement process, relying upon *Leung v. Skidmore, Owings & Merrill*, 213 F. Supp. 2d 1098 (N.D. Cal. 2002).  ER-82-83. In *Leung* the court held the participant did not comply at all and questioned in *dicta* whether the doctrine of substantial compliance "applies in the context.  In ERISA cases, it appears that the doctrine has only been applied in the context of an attempt to change the designated beneficiary." *Leung, supra*, 213 F. Supp. 2d at 1102.

Contrary to the *dicta* in *Leung*, the substantial compliance doctrine applies here, as summarized above, and has been used in a wide variety of ERISA contexts.  See, e.g., *Chuck v. Hewlett Packard Co.* 455 F.3d 1026, 1032 (9th Cir. 2006): substantial compliance with notice of adverse determination; *Schwartz v. Hartford Life and Accident Insurance Company*, 443 F. Supp. 3d 1085 (N.D. Cal. 2020): no substantial compliance with procedural obligation to share post-appeal

file reviews; *Lamantia v. Voluntary Plan Administrators, Inc*., 401 F. 3d 1114, 1123 (9th Cir. 2005): discussing possible application of "substantial compliance" rule concerning administrator's violation of deadlines.  This Court also requires substantial compliance with the requirements of a qualified domestic relations order.  *Hamilton v. Washington State Plumbing & PipeFitting Industry Pension Plan*, 433 F.3d 1091, 1097 (9th Cir. 2006); *Trustees of Directors Guild of America-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 420 (9th Cir. 2000).

As noted, in *Becker*, *supra*, 777 F.3d at 1041, the issue presented was a change of beneficiary designation.  This Court explicitly reasoned that the issue was whether the claimant was required to strictly or substantially comply with the plan document.   Thus, if Ya-Xia Liu's benefit election form did not meet all the requirements of the Pension Plan, or if the notice and acknowledgment steps, if required, were not/are not properly given to/acknowledged by Sherry Yali Liu, then the "substantial compliance" doctrine applies here to whether Ya-Xia elected the single sum option.

F.    Kaiser Waived All Defenses It Did Not Raise Administratively

Since legally the substantial compliance doctrine applies, normally the next question presented would be whether the participant factually substantially complied.  But Sherry Yali Liu alleges that that question is not in dispute because administratively Kaiser only asserted that the substantial compliance doctrine did not apply, not that Ya-Xia Liu did not factually substantially comply with the benefit election requirements.  ER-49, FAC, ¶ 26.

Kaiser is limited to rationales it presented administratively in its October 3, 2022, claim denial letter and in its April 4, 2023, appeal denial letter and may not assert new or different rationales.  In this action a court can only affirm Kaiser's

adverse determination, if at all, based on those same specific reasons or rationales. A district court may not rely upon rationales that the claimant had no opportunity to respond to during the administrative process. *Collier v. Lincoln Life Assurance Co. of Boston*, 53 F. 4th 1180, 1182 (9th Cir. 2022); *see also Harlick v. Blue Shield of California,* 686 F.3d 699, 706, 720-721 (9th Cir. 2012): same rule applies in abuse of discretion review.

*Collier, supra,* 53 F.4th 1180, explains that a plan administrator undermines ERISA and its implementing regulations when it presents a new rationale to the district court that was not presented to the claimant as a specific reason for denying benefits during the administrative process. Therefore, a plan administrator cannot assert a new rationale for the first time in litigation. *Id.* at 1186; see also *Harlick*, *supra*, 686 F.3d at 720-721: same. New arguments may not be presented for the first time in litigation because that prejudicially denies the claimant the opportunity to present on the internal appeal different arguments and evidence that would likely be relevant if the claimant had known the plan administrator was utilizing the different arguments. *Id.* at 1187. Thus, even if evidence in the administrative record supports the new arguments, those arguments are waived if those specific reasons were not presented in the plan administrator's denial letters. *Collier*, *supra*, 53 F.4th. at 1187. A plan administrator may not hold in reserve a new rationale to present in litigation and must provide the "specific reasons or reasons" for denying a claim for benefits, as required by ERISA. *Collier,* 53 F.4th at 1188. Therefore, when a district court conducts a review of a benefit denial the district court cannot adopt post hoc rationalizations that were not presented to the claimant as grounds for denying the benefit during the administrative process. *Id.* at 1188. This rule protects the same procedural fairness concerns underlying the full and fair review prescribed by 29 U.S.C. § 1133. *Id.* Thus, Kaiser is limited to the same specific reasons or rationales it relied upon administratively and a court can

only affirm its adverse determination based on <u>those</u> same specific reasons or rationales. *Collier, supra*, 53 F.4th at 1186-1188.

These rules apply to both factual and legal arguments. Thus, in *Wolf v. Life Insurance Company of North America*, 46 F.4th 979 (9th Cir. 2022), the defendant insurer on appeal sought to rely upon the identical <u>evidence</u> it relied upon administratively and in the district court, but on a <u>different</u> legal standard to determine whether the death of the claimant's son was an accident covered by the plan. This Court held that having employed one standard "in its denial of coverage, [the insurer] may not now argue that the claim was denied because the evidence provided proof of the other standard." *Wolf, supra*, 46 F.4th at 986. The court rejected the insurer's argument that it was not relying upon a new reason because it consistently relied upon the policy definition of "covered accident" as the reason for its denial because the insurer used different standards to define that term. *Id*.

G.     Conclusion Concerning The First Claim for Relief

Sherry Yali Liu's first claim for relief plausibly alleges that her sister made a valid election to rollover her pension into an IRA and thus states a claim. The FAC plausibly alleges that: (1) Sherry Yali Liu was properly the designated beneficiary of her sister for the "single sum" option and the Kaiser's argument that she was not has no basis anywhere in the text of the Pension Plan; (2) Ya-Xia Liu complied with the Pension Plan's requirements to elect the single sum option; (3) alternatively, since the substantial compliance doctrine applies and Kaiser did not assert administratively that factually Ya-Xia Liu did not substantially comply, Kaiser is obligated to honor that election and transfer the single sum into the designated IRA of which Sherry Yali Liu is the designated beneficiary because, at a minimum, Ya-Xia Liu substantially complied with the benefit designation process. Finally, if the FAC does not state a claim, it can readily be amended to do

so by adding allegations, that as discussed, <u>if</u> the Pension Plan is construed to require that notices can properly be given to the recipient, here Sherry Yali Liu and unacknowledged by her.

## II.    <u>THE FAC PLAUSIBLY ALLEGES THAT SHERRY YALI LIU IS THE DESIGNATED BENEFICIARY OF HER SISTER'S DEATH BENEFIT BECAUSE THE PENSION PLAN INCORPORATES BY REFERENCE THE DEFINITIONS IN 26 U.S.C. § 401(a)(9)(E) AND ITS IMPLEMENTING REGULATIONS</u>

Sherry Yali Liu's alternative Second Claim for Relief is that if she is not entitled to the single sum payment option, that is, if it is determined that her sister's benefit election of the single sum option of a rollover into an IRA did not comply or substantially comply, with the Pension Plan's requirements, or cannot still comply, she is nonetheless entitled to her sister's <u>death benefit</u> under the terms of the Pension Plan as <u>properly construed</u>.  Administratively, Kaiser reasoned that Sherry Yali Liu is not entitled to the death benefit because she did not fall within the four specific categories of persons Kaiser claims can be beneficiaries for such a benefit.  Administratively, Sherry Yali Liu asserted that the Pension Plan incorporates by reference ERISA Regulations and 26 U.S.C. § 401(a)(9)(E) and thus their definitions and thereby expanded the classes of potential beneficiaries of death benefits to include persons such as her.  In response to that argument administratively Kaiser reasoned only that 26 U.S.C. § 401(a)(9)(E) did not apply to the Pension Plan pursuant to 26 U.S.C. Section 401(a)(9)(H) because Kaiser is a defined benefit plan.  ER-048-049, 054-059, FAC ¶ 24.E, 50-64; see also ER-100-105.

Sherry Yali Liu presents two complementary arguments concerning her Second Claim for Relief.  First, since Kaiser's reliance upon its interpretation of Section 401(a)(9)(H) is erroneous as a matter of law and it waived all other

rationales, see analysis in Part I.F, AOB 30-32, therefore it is undisputed that the categories of eligible beneficiaries in 26 U.S.C. § 401 (a)(9)(E) are incorporated into the Pension Plan. Second, regardless of the foregoing, the Pension Plan incorporates Section 401 (a)(9)(E) and its Regulations, including definitions. This means that pursuant to Pension Plan, properly construed, Sherry Yali Liu is entitled to receive her sister's death benefits of a monthly payment for ten years, if she is not entitled to the single sum option payment.

Thus, the Second Claim for Relief relies upon in part the ERISA's administrative rationale doctrine to demonstrate that whether or not incorporation by reference doctrine in fact correctly applies, Kaiser waived all such arguments but one - - and that one is clearly wrong. Since Kaiser therefore cannot properly raise any other rationales, for the purposes of this claim and this litigation the incorporation by reference doctrine applies. Therefore, Sherry Yali Liu is a properly designated beneficiary of her sister's death benefit. Therefore, if she is not entitled to the rollover, she is entitled to the death benefit. Additionally, Sherry Yali Liu also alleges that, as a matter of law, the Pension Plan has incorporated the categories of potential beneficiaries in the statute and Regulations, including the category which includes Sherry Yali Liu.

A.    Kaiser's Administrative Rationale Disputing The Incorporation By Reference Allegation Fails As A Matter Of Law

In its April 4, 2023, appeal denial letter Kaiser reasoned that, pursuant to 26 U.S.C. § 401(a)(9)(H), the incorporation by of 26 U.S.C. § 401 (a)(9)(E) reference only applies to defined contribution plans, not in to defined benefit plans and the Pension Plan is a defined benefit plan. ER-100-105. See also ER-048-049, FAC ¶ 24.E. That analysis, as a matter of law, is wrong. Contrary to Kaiser's analysis, the provisions of said subparagraph H apply only to defined contribution plans. Section 401(a)(9)(H) only applies to "certain defined contribution plans." See

34

introduction line of paragraph (H) and also sub-paragraph vi. Thus, as a matter of law, 26 U.S.C. § 401(a)(9)(H) does not apply to the Pension Plan, which is a defined benefit plan. Since the only rationale Kaiser advanced administratively to challenge Sherry Yali Liu's incorporation by reference position thus fails as a matter of law and since Kaiser cannot advance any other rationales in this litigation, the District Court has no choice but to reverse the decision of Kaiser and order it to pay Sherry Yali Liu her sister's death benefit (if she is not entitled to the single sum option rollover).

B.     The Pension Plan Incorporates By Reference 26 U.S.C. § 401(a)(9)(E), Its Regulations, And Their Definitions

The Regulations impose certain minimum requirements on pension plans. But the Pension Plan goes beyond those requirements and incorporates the Regulations and 26 U.S.C. § 401 (a)(9), into the Pension Plan, thereby changing the terms of the Pension Plan. ERISA pension plans are not required to incorporate the Regulations or 26 U.S.C. § 401 (a)(9). See 29 C.F.R. § 1.401(a)(9)-1. A-3(a). But this plan does.

ERISA plans can incorporate other documents and statutes by reference. See, e.g., *Vaught v. Scottsdale Healthcare Corporation Health Plan*, 546 F. 3d 520, 627 (9th Cir. 2008). In *Vaught* this Court interpreted the plan document based on contract principles derived from state law and guided by the policies expressed in ERISA, *Id*. at 627, and held that a reference in the plan document to another document incorporated the contents of that referenced document - - claim procedures. *Id*. That is, while the plan document did not state that the other document was incorporated by reference, the reference to the other document, in context, incorporated that document. Such incorporations can and plainly do change the meaning of a plan. The specific question here is whether these incorporations change the potential classes of beneficiaries under the Pension

35

Plan.  This Court has previously held that a statute incorporated by reference into a plan document can change the classes of potential <u>participants</u> in a plan.  The same reasoning to classes of <u>beneficiaries</u>.

In *Vizcaino v. Microsoft Corporation*, 97 F.3d 1187, 1196-1198 (9th Cir. 1996) one issue concerned who were the proper <u>participants</u> in a state-law governed stock option plan.  The plaintiffs in *Vizcaino* argued that the stock option plan document, through its incorporation of Internal Revenue Code Section 423, extended eligibility to participate in the plan to all common law employees who otherwise were not designated as participants entitled to benefits under that plan.  *Vizcaino*, *supra*, at 1197.  This Court, applying the "objective manifestation theory of contracts" derived from Washington State law, which requires a court to "impute an intention corresponding to the reasonable meaning of a person's words and acts," held through its incorporation of the tax code provision in the plan document, Microsoft manifested an objective intent to make all common law employees eligible for participation in the plan, even though, as stated, the text of the plan document itself did not otherwise designate them as participants.

California has similar standards which are explained in *Shaw v. The Regents of the University of California*, 58 Cal. App. 4th 44, 54-55, 67 Cal. Rptr. 2d 850 (1997) and which are properly considered when construing the Pension Plan: "Congress intended that courts apply contract principles derived from state law but be guided by policies expressed in ERISA and other federal labor laws." *Richardson v. Pension Plan, etc., supra*, 112 F.3d at 985.  In *Shaw*, the court looked to the "objective intent" of the contract "as evidenced by the words of the instrument," noted that documents which are not contracts may be incorporated into a contract (referencing, for example, stock exchange rules), and therefore concluded that the contract between the parties, which also referenced the University's "Patent Policy,"  incorporated the "Patent Policy," reasoning a

36

contract need not recite that it "incorporates" another document "so long as it guides the reader to the terms of incorporated document" and the incorporated document" is "easily available" to the parties. *Id*. at 54-56. Following *Shaw*, this Court held in *Metronic, Inc. v. White*, 526 F.3d 487, 496-497 (9th Cir. 2008), that the parties agreement there, which stated "shall take into consideration the principles laid down in the patent … laws and in the court decisions of the United States," indicates convincingly that the parties intended for patent law to apply in interpreting [the contract]. *Id*. at 496-497.

Just so here: the reference to § 401(a) and the express incorporation of its implementing Regulations in the Pension Plan demonstrates the plan creators <u>intended</u> the definitions and classes of eligible designated beneficiaries listed in § 401(a)(9)(E) and it regulations to be incorporated into the Pension Plan. The text of the Pension Plan demonstrates the intent of Kaiser to expand the classes of designated beneficiaries for the death benefit to those classes specified in 26 U.S.C. § 401(a)(9)(E), just as the incorporation of a tax code provision reflected an intent to expand the class of participants in *Vizcaino*, *supra*, 97 F.3d at 1197.

Admittedly, this Court has held that the term "designated beneficiary" is a "term-of-art," and that the <u>distribution</u> rules in 26 U.S.C. § 401(a) (9)(E) govern only <u>how</u> distributions will be treated for tax purposes and do not determine <u>who</u> is entitled to them. *Lazar v. Kroncke*, 862 F.3d 1186, 1197 (9th Cir. 2017): applying the rules to an IRA. In *Lazar*, this Court explained that the definition of "beneficiary" under ERISA is not the same as the definition of a "designated beneficiary" under the tax code. *Lazar*, *supra*, 862 F.3d at 1196-1197. But *Lazar* on that point is distinguishable on the facts here because the plan there did <u>not</u> <u>incorporate</u> by reference 26 U.S.C. § 401(a)(9), its Regulations, <u>and their</u> <u>definitions,</u> as was done here. Here, by incorporating the statute and its Regulations, Kaiser incorporated into the Pension Plan the <u>definitions</u> in both the

Regulations and the statute. Any other conclusion is contrary to the plain meaning of the Pension Plan and violates the basic rule of plan interpretation that a plan must be interpreted to give full meaning and effect to all of its provisions and not render any provision nugatory. Any other interpretation of the Pension Plan improperly disregards and renders a nullity these specific incorporated provisions of the Pension Plan.

The Pension Plan does not incorporated the state regulations and their definitions to govern how distributions would be treated for tax purposes because it is not responsible for taxes, but to delineate the <u>classes</u> of persons eligible to receive death benefits. Of course, Kaiser will argue that that was not its intent. But Kaiser's unarticulated intent is irrelevant: the text of the Pension Plan explicitly incorporates the Regulations and incorporates by reference 26 U.S.C. § 401(a), and thus incorporates the definitions and categories of "designated beneficiaries" and "eligible designated beneficiaries" in those laws. Any other conclusion is contrary to the plain text of the Pension Plan. Therefore, in construing the Pension Plan - - and in ruling on the motion - - the District Court was required to hold that the incorporation by reference of 26 U.S.C. § 409(a)(9)(E) and its Regulations expanded the classes of potential beneficiaries of the Pension Plan death benefit to include a person such as Sherry Yali Liu. Under this claim Sherry Yali Liu does not get a rollover of the money into an IRA. Instead, she gets a payout of the actuarial equivalent of the money over a ten-year period.

Pension Plan Section E-8 (g), "Required Distributions," ER-146-147, literally adopts the term "Required Beginning Date," which is capitalized but not defined in the Pension Plan, from 26 U.S.C. § 401(a)(9)(A)(ii). 26 U.S.C. § 401(a)(9)(a)(ii) uses the <u>statute only</u> – defined term "designated beneficiary, which term is defined in 26 U.S.C. § 401(a)(9)(E), and which definition, in turn, defines

and incorporates "eligible designated beneficiary," which, includes "an individual not described in any of the proceeding subclauses who is not more than 10 years younger than the employee."  That, of course, describes Sherry Yali Liu.  Thus, 26 U.S.C. § 401(a)(9) is incorporated into the Pension Plan; therefore notwithstanding "any other Plan provision to the contrary . . . payment of [Ya-Xia Liu's] pension "shall be made" in accordance with Code Section 401(a)(9).  ER-146 [Section E-8(g)].  That is, to Sherry Yali Liu.

Second, the Regulations only require "that the provisions <u>reflecting</u> section 401(a)(9) <u>override</u> any distribution options in the plan inconsistent with section 401(a)(9)."  26 C.F.R. § 1.401(a)(9)-1, A-3.  The Pension Plan is more expansive, providing that 26 C.F.R. § 1.401(a)(9)-2 through § 1.401(a)(9)-9 "are incorporated in the Plan by reference and will override any inconsistent provision of the Plan."  ER-146  [Section E-8(g)].  That is, while the Regulations only require Kaiser to <u>include</u> in the plan document that any distribution options in the plan document be overridden by the Regulations, the Pension Plan <u>incorporates</u> the Regulations themselves into the Pension Plan.

26 C.F.R. § 401(a)(9)-4 repeatedly uses the term "designated beneficiary," and explains how a "designated beneficiary" is to be determined:  "An individual may be designated as a beneficiary under the plan either by the terms of the plan or, if the plan so provides, by an affirmative election by the employee (or the employee's surviving spouse) specifying the beneficiary."  Since, "the statutory rules of section 401(a)(9)" include the definitions of "designated beneficiary" and "eligible designated beneficiaries," and the referenced categories of "eligible designated beneficiaries," the consequences of incorporating the Regulations into the Pension Plan is that those definitions are part of the Pension Plan.  Therefore, "designated beneficiary" is, by incorporation, a defined term in the Pension Plan.

Third, if Kaiser intended "designated beneficiary" to mean only someone

who is a surviving spouse, domestic partner, or "qualified dependent" of a participant it easily could have so defined the term in the Pension Plan, but it did not.

Fourth, "designated beneficiary" is also a defined term in § 401 (a)(9)(E) - - for the purposes of that section. Under that statute "the term designated beneficiary means any individual designated as a beneficiary by the employee." The categories of "eligible designated beneficiaries" and thus of "designated beneficiaries" set forth in § 401(a)(9)(E) are thereby incorporated into the Pension Plan. "Eligible designated beneficiaries" are a subset of "designated beneficiaries" under the statute. "Designated beneficiary" is defined in § 401(a)(9)(E)(i), as "means any individual designated as a beneficiary by the employee." The statute defines "eligible designated beneficiary" as a "designated beneficiary" who falls within one of five categories - - including "an individual not described in any of the preceding subclasses (surviving spouse of employee, minor child of employee, disabled, or chronically ill individual) "who is not more than 10 years younger than the employee." This, of course, describes Sherry Yali Liu.

C.    Conclusion Concerning The Second Claim For Relief

Thus, by definitions incorporated into the Pension Plan, Sherry Yali Liu is an eligible designated beneficiary of her sister because she is not more than 10 years younger than her sister. Therefore, if she is not entitled to the rollover int the IRA, she is entitled to receive the death benefit. Consequently, the District Court erred by granting Defendants motion to dismiss this claim for relief and that decision should be reversed by this Court.

### III.   SHERRY YALI LIU STATES A PROPER 29 U.S.C. § 1132 (A)(3) CLAIM FOR A TAX GROSS UP ADJUSTMENT TO COMPENSATE HER FOR ADDITIONAL TAX LIABILITY

ERISA permits a claimant to plead such alternative remedies, but prohibits duplicate recoveries. *Moyle v. Liberty Mutual Retirement Benefit Plan* 823 F.3d 948, 960-961 (9th Cir 2016). Significantly, unlike an (a)(1)(B) claim, an (a)(3) claim does not require exhaustion of administrative remedies. Thus, the (a)(1)(B) - based claims seek remedies based upon the terms of the Pension Plan and the administrative rationales advanced, and will be adjudicated based upon an administrative record, while the (a)(3) claim seek a <u>different remedy</u> based on different misconduct (breach of fiduciary duties) against a different <u>defendant, not based on the administrative record</u>.

An (a)(3) claim has two elements: (1) that there is a remediable wrong - - that is, that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan; and (2) that the relief sought is appropriate equitable relief. *Warmenhoven v. NetApp, Inc.* 13 F.4th 717, 725 (9th Cir. 2021). This Court explained "fiduciaries breach their duties if they mislead plan participants or misrepresent the terms or administration of a plan. *Id.* at 726, quoting *Barker v. American Mobile Power Corporation*, 64 F.3d 1397, 1403 (9th Cir. 1995). Following *Mathews v. Chevron Corp*, 362 F.3d 1172, 1183 (9th Cir. 2004) this Court rejected the contention that evidence of knowing deceit is necessary. Instead, no showing of intent is required - - only a misrepresentation. *Warmenhoven* at 727.

The FAC only presented an (a)(3) claim seeking the additional remedy of a tax grab up. But obviously, it can readily be amended, if necessary, to allege that <u>if</u> the Pension Plan requires notices and acknowledgement of notices, those notices could have been given to and acknowledged by Sherry Yali Liu, that Kaiser breached its fiduciary duties by not doing so, and that Sherry Yali Liu is therefore

entitled to a surcharge remedy equal to the rollover from Kaiser. Second, the specific allegations of the FAC properly State a Claim. A tax gross-up "is the name given to an increase in the damage award to offset the taxes that will be payable on the award." *Sonoma Apartment Associates v. United States*, 939 F.3d 1293, 1298 (Fed. Cir. 2019), citing *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1226 (10th Cir. 2007). "By accounting for any increase in tax burden, a tax gross-up ensures that the plaintiff is put in the same position he would of occupied after breach, i.e. that he has made whole." *Sonoma Apartment Associations, supra*, 939 F.3d at 1298.

This Court has recognized the propriety of gross-up adjustments to compensate for increased tax liability in other contexts. In *Clemens v. Centurylink*, 874 F.3d 1113 (9th Cir. 2017) this Court held that Title VII, which exists primarily to make persons whole for injuries suffered on account of employment discrimination, *Id*. at 1115, permits gross-up adjustments to compensate for increased income tax liability resulting from a receipt of a back pay award in one lump sum. The decision to award a gross up - - and the appropriate amount of any such gross-up - - is left to the sound discretion of the district court, "explaining that there may be cases where gross-up in not appropriate but in any case" the parties seeking relief will bear the burden of showing a income tax disparity and justifying any adjustment.) *Id*. at 1117.

Under the doctrine of surcharge, equity courts possess the power to provide relief in the form of monetary compensation for loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment. *Cigna Corporation v. Amara,* 563 U.S. 421, 441, 131 S. Ct. 1866 (2011). An ERISA fiduciary "can be surcharged only upon showing of actual harm proved by a preponderance of the evidence. *Amara*, *supra*, 563 U.S. at 444. Detrimental reliance is not required for surcharge. *Id*.

42

Either a violation of ERISA or a violation of the plan is a prerequisite to pursue an action for equitable relief under 29 U.S.C. § 502(a)(3). Under such circumstances a claim for <u>interest</u> under Section 502(a)(3) on an equitable restitution theory has been recognized. See *Green v. Holland*, 480 F.3d 1216, 1226, note 7 (11th Cir. 2007): collecting cases, but holding on the facts presented that no claim was stated because no violation of ERISA or the plan was demonstrated. Here, a violation of the plan - - not paying owed benefits - - which results in adverse tax consequences for the beneficiary is similarly actionable under (a)(3) on an equitable restitution theory. "The aim of ERISA is to make plaintiffs whole, but not to give them a windfall." *Henry v. Champlain Enterprises, Inc*., 445 F.3d 610, 624 (2d Cir. 2006). Providing a tax gross up to compensate a beneficiary for increased taxes due to a fiduciary's breach of its duties makes the plaintiff whole and therefore is consistent with ERISA's remedial purposes.

Here, if Sherry Yali Liu demonstrates that Kaiser violated the terms of the Pension Plan by either not paying the lump sum rollover payment or by not promptly paying the death benefit and if as a consequence of such a delay of payment, she suffers adverse tax consequences (is obligated to pay more taxes), a make whole remedy of a tax gross-up is appropriate equitable relief. Therefore, Sherry Yali Liu states a claim under 29 U.S.C. Section 1132(a)(3).

Furthermore, obviously an amended (a)(3) claim asserting Kaiser breached its fiduciary duties by not providing notices to Sherry Yali Liu and allowing her to acknowledge them, also will state a claim to surcharge Kaiser if such notices are required by the Pension Plan.

## <u>CONCLUSION</u>

The judgment of the District Court should be reversed and the matter remanded with instructions that the motion to dismiss be overruled and that Kaiser be ordered to answer the FAC or Sherry Yali Liu be allowed to file an amended

complaint.  Sherry Yali Liu should be awarded costs on appeal.  Furthermore, <u>if</u> she obtains more than a procedural victory in this appeal she should also be awarded fees on appeal.

Date:  November 4, 2024

_/s/Robert J. Rosati_
ROBERT J. ROSATI

*Attorney for Plaintiff-Appellant*
*SHERRY YALI LIU*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** | 24-4303

The undersigned attorney or self-represented party states the following:

( •) I am unaware of any related cases currently pending in this court.

( ) I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

( ) I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** | /s Robert J. Rosati     **Date** | Nov 4, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 24-4303

I am the attorney or self-represented party.

**This brief contains** | 13,678 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [        ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Robert Rosati | **Date** | 11-04-2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*

46

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** | 24-4303

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Appellant's Opening Brief

**Signature** | /s/ Andrea Fernandez     **Date** | Nov 4, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15**                                                                 *Rev. 12/01/2018*